**Rosalie H. Waldron, Plaintiff-Appellee, v. Selma C. Hardwick, Defendant-Appellant.**

**Gen. No. 10,928.**

Fourth District.

September 26, 1968.

Rehearing denied October 25, 1968.

■■■■■■■■

■■■■■■■■■■■■

CRAVEN, J., dissents.

■■■■■■■■

Jack E. Horsley and Richard F. Record, Jr., of Mattoon, for appellant.

Ryan & Heller, of Mattoon (Harlan Heller, of counsel), for appellee.

TRAPP, J.

Defendant appeals from a judgment in the sum of $2,600, entered following a jury verdict. The trial court instructed the jury that the defendant was guilty of negligence as a matter of law, so that the only issues considered were proximate cause and plaintiff's freedom from contributory negligence. Defendant's post-trial motions were denied.

Issues raised upon this appeal include the question of error by the trial court in denying defendant's motion for a directed verdict at the close of plaintiff's evidence and at the close of all of the evidence.

The only testimony presented upon the issues of negligence and freedom from contributory negligence is that of the plaintiff and of the defendant. It may be said that neither party saw the other. At the place of collision,

Highway 45 is a two-lane paved highway extending north and south. All of the evidence is that it is straight and open, with no obstruction to the view of either of the roadway, or its shoulders. The collision occurred at 10:00 o'clock a. m. The pavement is described as dry, and atmospheric visibility was good. Some distance south of the place of collision, described as a one-half mile or more, the highway has a slightly lower elevation forming a dip or depression, but, continuing south, there is a rise in the elevation. The testimony is that an automobile is not concealed by such depression as one looks south from the point of collision.

Defendant, testifying under section 60 of the Civil Practice Act, stated that she had turned onto the highway from an intersecting road about one-fourth mile south of the place of collision. Her customary route to her destination could not be followed by reason of construction on other highways not concerned here. Being required to plan a different route, she testified that she pulled clear of the roadway and onto the right-hand shoulder to determine her course of travel. This pause is described as being of a few seconds duration. She did not recall whether she had put her foot on the automobile brake while standing. Having determined a plan of travel, defendant testified that she looked to the rear by placing her head out of the window on the driver's side, and that she turned around and looked back. Although she could see a half mile or more, she saw no approaching vehicle. She then put her car into first gear and moved forward upon the shoulder some three car lengths of her 1955 Plymouth four-door sedan, and as her automobile was moving at about five miles per hour turned onto the pavement slab. She used no signal light, gave no arm signal and did not look into her rearview mirror during this movement. The collision occurred as her left front wheel got onto the highway. Her car was

first struck just forward of the edge of the left front door.

Plaintiff's testimony is that she had commenced her journey around 6:00 o'clock a. m., and prior to the collision had travelled some 140 miles in her 1960 Valiant Sedan. She was accompanied by her daughter who did not testify, it being stated that she was attending college in Georgia at the date of the trial. In substance, plaintiff's testimony was that she was driving 60 to 65 miles an hour, that the highway was straight, level and the pavement dry, the visibility was good and that there was no obstruction of her view of the roadway, or of the shoulder. Her testimony, on direct examination, is that she did not see any vehicle as she approached the place of collision—that she first saw defendant's automobile a car length ahead, its front end then on the highway, and the collision immediately ensued. She stated that she did not apply her brakes, and nothing in the abstract suggests an attempt to move her car laterally. Damage to defendant's automobile was on the "left side of the front end." On cross-examination she testified that there was no obstacle to her view for at least a half mile as she approached the point of collision.

Defendant argues that the motion for directed verdict in favor of the defendant should be allowed where all of the evidence, viewed most favorable to the plaintiff, fails to establish an essential element of plaintiff's case. Carter v. Winter, 32 Ill2d 275, 204 NE2d 755. Here, the argument is directed against the sufficiency of the evidence upon the issue of plaintiff's exercise of reasonable care for her own safety and freedom from contributory negligence. So far as the abstract discloses, the trial court made no statement of reasons for the ruling upon defendant's motion, but it appears that he had theretofore allowed plaintiff's motion to withdraw the issue of defendant's negligence from the jury, and

to instruct the jury that the defendant was negligent as a matter of law.

■ ■ The parties agree that the rule of Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504 and Keen v. Davis, 38 Ill2d 280, 230 NE2d 859, is to be applied. In these opinions the Supreme Court determined that parties are entitled to a jury trial upon an issue where the evidence discloses a substantial factual dispute, but that verdicts ought to be directed and judgments n. o. v. ought to be entered by the trial court in those cases in which all of the evidence, viewed in the aspects most favorable to the party against whom the motion is directed, so overwhelmingly favors the movant that no contrary verdict based on the evidence could stand. This is true even though the record discloses "some evidence" in support of the position of the party against whom the motion is directed. The explicit purpose of the rule is to avoid new trials where, under the evidence, contrary verdicts would necessarily be set aside.

■ We consider the duty imposed upon the plaintiff under the authorities as to the issue of the exercise of ordinary care for her own safety. There is a common-law duty to be on the lookout for other automobiles moving or standing in the highway. Collins v. McMullin, 225 Ill App 430; Paul v. Garman, 310 Ill App 447, 34 NE2d 884; Bates v. DeBose, 14 Ill App2d 574, 145 NE2d 118.

A "highway" is defined:

> "The entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public as a matter of right for purposes of vehicular traffic, . . . (excepting park district highways)."

Chapter 95½, § 109 (a), Ill Rev Stats 1967.

■ There is a duty to use every precaution to avoid a collision. Skamenca v. Reeser, 294 Ill App 216, 13 NE

2d 668 and Pottei v. Demanes, 338 Ill App 287, 87 NE2d 332. While it is alleged, and there is evidence that defendant started her standing vehicle when the movement could not be made with reasonable safety in violation of chapter 95½, § 161, Ill Rev Stats 1967, such is not conclusive upon the issue of plaintiff's exercise of ordinary care for her own safety. The duty of the parties to exercise ordinary care to avoid a collision is reciprocal. Collins v. McMullin, 225 Ill App 430. It has been said that while a motorist has a right to expect that the driver of a parked or standing vehicle will not move into the flow of traffic until it can be done with safety, nevertheless, the motorist is required to keep a lookout, and to have his car under control to avoid such movement in anticipation that a parked or standing vehicle may turn into the flow of traffic. Oliver v. Yellow Cab Co., 98 F2d 192; Harrison v. Bingheim, 350 Ill 269, 182 NE 750; Sullivan v. Ohlhaver Co., 291 Ill 359, 126 NE 191; Fina v. Richardson, 293 Ill App 133, 11 NE2d 842. It is noted that a motorist proceeding on a preferential street does not have an absolute right-of-way, but must exercise reasonable care to keep a lookout for vehicles improperly entering such preferential highway. Connor v. McGrew, 32 Ill App2d 214, 177 NE2d 417.

All of the evidence upon the issue of plaintiff's exercise of ordinary care to keep a lookout for vehicles moving or standing in the highway and to exercise ordinary care to have her car under control to avoid collision is that of plaintiff herself. In its most favorable aspect, the evidence shows that she was travelling upon a straight and level highway in the daytime with a totally unobstructed view for at least one-half mile prior to the time and point of collision. There is nothing in any testimony to suggest that her attention was diverted by other traffic. She states that she did not see defendant's car

as, under the evidence, it was moving slowly upon the shoulder for some 60 feet or more, until she was some 15 or 20 feet from defendant's vehicle at which time its left front wheel was on the pavement. She did not apply her brakes or swerve her car. Such acts would presumably require prior observation of the danger. The argued fact that she was driving within the speed limit on her proper side of the highway does not supply the missing element of reasonable care to observe vehicles moving or standing on the highway. Plaintiff urges that there is merely a matter of failure to recall seeing defendant's car prior to the moment before collision. As abstracted, her initial statement on direct examination was bluntly that she did not see defendant's automobile, just as she subsequently stated that she did not apply her brakes. We find nothing which claims or suggests any amnesia as to events preceding the collision. Again, plaintiff argues that she was entitled to expect that defendant would obey the statute cited. Having noted the authorities which established that she had no absolute right which relieved her of the duty to use ordinary care, it is difficult to accept such argument as to a vehicle which she did not observe.

It appears that the opinions in Pedrick, and Keen v. Davis, supra, specifically contain facts and state conclusions applicable to this case. In the former opinion, the plaintiffs testified that they did not see, or did not recall seeing, flasher signals operating at a railroad crossing, or that they did not know if such were in operation. Several witnesses stated categorically that the flashers were operating. In the immediate context of that opinion, the testimony in behalf of the plaintiff was directed to establishing the negligence of the defendant, but it is apparent that the conclusion stated in the opinion is equally applicable to the element of the plaintiff's freedom from contributory negligence. The

Supreme Court stated that considering the dubious probative value of plaintiffs' evidence in the light of the unequivocal contrary testimony, the evidence so overwhelmingly favored the defendant that no contrary verdict could stand, and affirmed the Appellate Court in reversing the judgment of the trial court.

In Keen v. Davis, supra, plaintiff's decedent drove at a speed of 30 or 35 miles per hour through a dense cloud of dust raised by a truck which was travelling ahead of defendant's truck. The evidence was that the vehicles collided in the center of the highway. The Appellate Court had reversed the directed verdict for defendant entered by the trial court, holding that there was a jury question as to whether plaintiff decedent exercised ordinary care in driving at such speed when visibility was minimal by reason of the dust. The Supreme Court determined that upon the record, plaintiff could not prove freedom from contributory negligence, or that defendant was, in fact, negligent, reversed the Appellate Court and affirmed the trial court's directed verdict for the defendant.

■ ■ Here, under the testimony of the plaintiff, no facts are in dispute upon the essential issue of the exercise of reasonable care to keep a lookout for vehicles standing or moving in the highway ahead of the plaintiff. Had her testimony purported to be that she was maintaining a lookout, such would be subject to the rule frequently announced that one may not look with an unseeing eye, or assert a continuous lookout yet fail to see that which she clearly would have seen if exercising ordinary care. Payne v. Kingsley, 59 Ill App2d 245, 207 NE2d 177.

Nothing before us suggests that new or different evidence upon this issue would be presented upon a new trial. By reason of the conclusion that the judgment

must be reversed, it is not appropriate to discuss the other issues raised.

Reversed.

SMITH, P. J., concurs.

CRAVEN, J., dissents.