SANDRA RIOS, Plaintiff-Appellee, *v.* JOE SIFUENTES, Defendant-Appellant.
First District (4th Division)    No. 61248

Opinion filed April 28, 1976.

Lloyd P. Douglas, Ltd., of Chicago, for appellant.

Blumenthal and Schwartz, of Chicago (Milton M. Blumenthal, Arthur F. Schwartz, and Richard Lee Stavins, of counsel), for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Juvencio Rios, the plaintiff's father, initiated this action to recover damages for injuries which his daughter sustained when she was hit by the defendant's car. At the close of the evidence, the court directed a verdict for the plaintiff. The defendant appeals and the issue on review is whether the trial court erred in directing a verdict for the plaintiff.

On June 13, 1971, a bright Sunday afternoon, the Rios and Gomez families met in Calumet Park by prearrangement for a picnic. While in the park, Sandra Rios, the injured party, and Patty Gomez, her companion and friend, received permission to go to the bathroom. It just so happened that the families were picnicking on the east side of Walton Drive near the lake, so the girls had to cross Walton Drive because the bathroom was located on the west side of the street. Since both children were under the age of 4, Mr. Gomez escorted them to Walton Drive and

assisted them in crossing the street. And, when the girls came out of the bathroom, Mr. Gomez returned to Walton Drive to help them recross that street.

According to Gomez, who was standing at the curb, there were only two cars parked on the west side and none on the east side of the street. When the girls started crossing Walton Drive, the plaintiff was ahead of his daughter. A car traveling south stopped to permit the girls to cross. However, as the girls approached the middle of the street, the plaintiff was struck on the right side of her face by the left front fender of defendant's car which was traveling north. The impact of the collision forced her to the pavement and her foot was caught under the left front tire. Finally, the witness testified that there were no cars ahead of the southbound vehicle that stopped, or moving in front of the northbound vehicle that hit Sandra.

Juvencio Rios corroborated Gomez' testimony, but testified that his daughter looked both ways before proceeding across the street. On cross-examination he estimated defendant's speed to be 15 miles per hour; however, he stated that he did not see the car hit his daughter.

The defendant who was accompanied by his wife, two daughters and a nephew, testified that the weather was clear, the pavement was dry, visibility was good, and there were no obstructions to his vision except for the cars in front of him. Although Walton Drive is four lanes wide, there was one lane of traffic moving in each direction since cars were parked along the east and west curbs. While looking for a parking space and traveling at 10 miles per hour, the defendant testified that Sandra ran in front of his car and was hit by the left front wheel. Defendant concluded his testimony by stating that the accident happened so quickly that he neither had time to honk his horn or apply his brakes.

Finally, the passengers in defendant's car, Lucy Sifuentes, his wife, and Abelardo Garza, his nephew, corroborated defendant's description testimony as to the movement of the vehicle up to the point of impact. And they, like defendant, testified that cars were parked on both sides of Walton Drive.

In this case, we are faced with the issue of the circumstances under which the trial judge may determine that the proof presents no factual questions for the jury's consideration and, therefore, a verdict should be directed. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, announced the rule presently followed in Illinois by reviewing courts when determining whether or not a directed verdict was properly entered. In the court's opinion:

> "[V]erdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors

movant that no contrary verdict based on that evidence could ever stand." 37 Ill. 2d 494, 510.

■■■ We must now apply the *Pedrick* rule to the facts in this case. In a negligence action the plaintiff must show (1) a duty owed to the plaintiff, (2) a breach of that duty, *i.e.*, a negligent act or omission, which (3) proximately causes (4) a resulting compensable injury. *(Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 299 N.E.2d 108; *Apato v. Be Mac Transport Co.* (1972), 7 Ill. App. 3d 1099, 1102, 288 N.E.2d 683.) Here the facts reveal that a 3-year-old child was in the process of crossing a street on a warm, clear, summer day. An oncoming car proceeding southbound stopped and permitted the child to cross the street. But the defendant, who was looking for a parking space, struck the plaintiff and knocked her to the ground. Plaintiff's father did not see the accident and the defendant admitted that he did not see the little girl before he hit her. Gomez, the disinterested witness and the only eyewitness, testified that Sandra was hit in the middle of the street while the defendant's view was unobstructed. We think that defendant owed a duty to Sandra, a minor pedestrian, that he breached this duty by failing to keep a proper lookout, and that the breach was the proximate cause of plaintiff's injuries. Defendant has no defense to this action since Sandra, who was 3 years old, is conclusively presumed not to be responsible for her acts and cannot be charged with contributory negligence. When we consider the fact that defendant did not keep a proper lookout, by his own admission, and that he has no defenses to plaintiff's action, the evidence so overwhelmingly favors the plaintiff that no contrary verdict based on the evidence could stand. Therefore, we hold the court properly directed a verdict for plaintiff at the close of all the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER and ADESKO, JJ., concur.