JEAN R. SANTSCHI, Plaintiff-Appellant, *v.* AUDREY F. GORTER *et al.*, Defendants-Appellees.

Second District   No. 77-332

Opinion filed August 23, 1978.

RECHENMACHER, J., dissenting.

William E. Hartnett, of Waukegan, for appellant.

Meloche, Kapov & Romano, of Chicago, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Jean Santschi, appeals from an order of the trial court granting defendant John Zannini's motion for summary judgment.

Plaintiff had brought a suit against defendant and Audrey Gorter (not a party to this appeal) seeking damages for personal injuries, property damage and loss of income due to an automobile collision involving all three parties. At the time of the collision, plaintiff was proceeding in a southerly direction on Green Bay Road in Lake Forest, Illinois. Green Bay Road is a two-lane, north-south thoroughfare with one lane in each direction. At about 80 North Green Bay Road, an automobile driven by Audrey Gorter exited from her private drive and stopped in the roadway obstructing the southbound lane of Green Bay Road. In order to avoid a collision with the Gorter automobile in the southbound lane, plaintiff turned to her left and entered the northbound lane of Green Bay Road and collided with a northbound automobile driven by defendant.

In count II of her complaint, plaintiff alleged that defendant was guilty of negligence, *inter alia*, in failing to maintain a proper lookout. In his answer defendant made a general denial as to the alleged acts of negligence, and thereafter filed a motion for summary judgment. In his affidavit in support of the motion, defendant stated, *inter alia*, that the lane change by plaintiff was without warning and totally unanticipated by defendant and that under no circumstances could the collision have been avoided.

In her response to defendant's motion, plaintiff stated that on deposition defendant had testified that he did not see the Gorter automobile prior to the collision; she further stated that defendant would have had sufficient time to stop his automobile and avoid such collision if he had maintained a proper lookout.

On appeal, plaintiff argues that as there remained a genuine issue of material fact, namely whether defendant was guilty of negligence in

failing to maintain a proper lookout, the trial court erred in granting defendant's motion for summary judgment. Further, according to plaintiff, the affidavit in support of defendant's motion was insufficient because the statements therein were conclusory in form and substance and did not state facts admissible in evidence which would support a motion for summary judgment.

■■ With respect to plaintiff's second point, namely, the failure of the affidavit to comply with Supreme Court Rule 191 (Ill. Rev. Stat. 1975, ch. 110A, par. 191) we note that this argument has been advanced for the first time on appeal and no such objection was made to the affidavit before the trial court. The sufficiency of an affidavit cannot be tested for the first time on appeal where no objection was made either by motion to strike or otherwise in the trial court. *Middleton v. Kroger Co.* (1976), 38 Ill. App. 3d 295, 297, 347 N.E.2d 27, 29.

Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57(3)) provides that motions for summary judgment will be granted,

"❋ ❋ ❋ if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

Defendant here made a general denial of the allegations of negligence including the failure to maintain a proper lookout, contained in plaintiff's complaint, thus raising a genuine issue of fact. (*Dakovitz v. Arrow Road Construction Co.* (1975), 26 Ill. App. 3d 56, 324 N.E.2d 444.) While defendant submits that the facts contained in the affidavits and depositions filed in this case are uncontradicted there still exists a genuine issue of material fact.

In his affidavit defendant stated that he was traveling northbound on Green Bay Road in the vicinity of 80 Green Bay Road when a southbound car veered into his lane. In his deposition defendant testified that he saw the collision at the last moment, at which time he saw himself being struck. Defendant also testified that he did not see the Gorter automobile until after the occurrence.

Affidavits in support of motions for summary judgment are to be construed against the moving party and in favor of the opposing party. (*Dakovitz v. Arrow Road Construction Co.*) In determining if there is a genuine issue as to any material fact, inferences may be drawn from the facts which are not in dispute, and if fair-minded persons could draw different inferences from those facts then a triable issue exists. *Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 240 N.E.2d 699.

■■ Neither plaintiff nor defendant has pinpointed the distance between their respective automobiles when each could first observe the other, or the Gorter automobile. Defendant's statement in this regard that the

collision was unavoidable is strictly a conclusion and not a statement of fact in this case. We are of the opinion that the facts, uncontroverted as they are, are capable of admitting more than one conclusion, namely that plaintiff's automobile moved so quickly into defendant's lane that defendant was unable to stop in time or that as a result of defendant's failure to maintain a proper lookout his automobile collided with that of plaintiff.

We hold that there exists a genuine issue of material fact and therefore the judgment of the circuit court of Lake County is reversed and the cause remanded for trial.

Reversed and remanded.

NASH, J., concurs.

Mr. JUSTICE RECHENMACHER, dissenting:
I respectfully dissent. A reading of the entire record convinces me that the defendant was not guilty of failing to maintain a proper outlook. Also, it is uncontradicted in my opinion that Jean Santschi's maneuver was sudden and unexpected and there is nothing in the record which would indicate or support an inference that Zannini could have avoided the accident, had he been keeping a better lookout.

I feel no genuine issue of a material fact exists and I would affirm the trial court's order granting defendant's motion for summary judgment.