CAROLYN YOUNG, Indiv. and as Adm'x of the Estate of Charles E. Young, Deceased, Plaintiff-Appellant, v. TEXAS EASTERN TRANSMISSION CORPORATION *et al.*, Defendants-Appellees.

Fifth District No. 5—85—0033

Opinion filed August 15, 1985.

HARRISON, J., dissenting.

William F. Meehan, P.C., of Cairo, for appellant.

James B. Bleyer, of Marion, for appellees Texas Eastern Transmission Corporation and Robert D. Russell.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Carolyn Young, acting individually and as administratrix of the estate of Charles Young, deceased, appeals from a summary judgment entered by the circuit court of Williamson County in favor of defendants, Texas Eastern Transmission Corporation and Robert D. Russell. The litigation between the parties resulted from a collision between a grain truck driven by Charles Young and a truck driven by Russell in the course of his employment with Texas Eastern.

That portion of plaintiff's complaint relevant to the instant appeal alleged that defendant Russell was negligent in that he (1) drove his truck too fast for conditions; (2) did not drive to his left when obstructions existed on the right shoulder of the road; (3) failed to slow down, stop, or swerve to avoid striking Young's truck; (4) failed to keep a proper lookout; and (5) failed to keep his truck under control. In support of their motion for summary judgment, defendants Texas Eastern and Russell offered the deposition of Richard Ashe, a veteran State police trooper who witnessed the accident. Trooper Ashe was deposed as follows: On July 2, 1982, at about 3 p.m., Ashe was patrolling U.S. Route 45, a two-lane highway, when he stopped to assist the operator of a disabled vehicle parked along the southbound shoulder of the high-

way just south of Texas City. A wrecker arrived shortly thereafter; the driver parked the wrecker in front (south) of the disabled vehicle and attempted to assist Ashe and the driver of the disabled vehicle. Ashe was distracted by the passing of the southbound Texas Eastern truck, which in his opinion was being driven in a normal manner within the speed limit of 50 miles per hour. As Ashe looked toward the passing Texas Eastern truck, he heard its brakes being applied. Ashe exclaimed to the other people to warn them that there was about to be a collision. it occurred about 150 feet south of where the three people were standing. In Ashe's opinion the collision took place at the extreme outside edge of the southbound lane or just off the highway. The right front of decedent's truck hit the right side of the Texas Eastern truck behind the cab. Decedent's vehicle immediately burst into flames. At the time of collision the rear of decedent's truck was still partly (halfway or less) in the southbound lane of traffic; the front end was on the southbound shoulder. Decedent's truck was moving both along the road and across it at the time of impact. The Texas Eastern truck left skidmarks from braking; decedent's truck did not. However, decedent's truck left rubber debris, which in Ashe's opinion indicated a blowout of the left front tire. Ashe also heard a "report" prior to the collision, which he identified as like a gunshot or backfire. Ashe estimated that this "report" preceded the collision by one-quarter of a mile; 30 seconds later, the Texas Eastern truck passed him; in another two or three seconds, the collision occurred. Ashe could not estimate the speed of decedent's truck, though in his opinion it was not moving slowly. In Ashe's opinion, based on debris left from the tire blowout, decedent's truck left its lane about 100 to 120 feet from the point of impact. According to Ashe, there was nothing the driver of the Texas Eastern truck could have done to avoid the collision.

Also submitted in support of the motion for summary judgment was Ashe's accident report, which stated in part as follows: the highway was straight and level at the point in question; the speed limit was 50 miles per hour in both directions; it was daylight; the weather was clear and dry; decedent's truck came to rest on the west side of the highway; the Texas Eastern truck came to rest on the east side, *i.e.*, both stopped opposite the side of their proper lanes of travel.

Also submitted in support of the motion for summary judgment was the signed statement of the driver of the disabled automobile, who stated therein that the Texas Eastern driver could not have avoided decedent's truck and was not traveling fast. In opposition to the motion, plaintiff submitted the affidavit of Martin Tate, who, like decedent, was driving a loaded grain truck at the time of the collision. Tate

was following decedent in traffic. In pertinent part, Tate's affidavit states: "the collision occurred on the Southbound shoulder of the highway, not on the highway itself. Had the truck driven by Robert D. Russell been in its proper lane of traffic, no collision would have occurred."

■ Plaintiff argues that the trial court erred in granting the motion of Texas Eastern and Russell for summary judgment. Summary judgment should be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c).) Thus the issue is whether, on this record, as a matter of law, Russell did not breach a duty owed to decedent which proximately caused decedent's death. (See *Rios v. Sifuentes* (1976), 38 Ill. App. 3d 128, 130, 347 N.E.2d 337, 339, regarding the elements of actionable negligence.) It is peculiarly within the province of the jury to draw inferences from the evidence, including inferences as to what the parties should or should not have done in relation to the circumstances preceding an automobile collision. *Haas v. Tomaszek* (1978), 56 Ill. App. 3d 656, 659, 371 N.E.2d 1240, 1243.

■ Plaintiff argues that the second sentence of the above-quoted portion of Tate's affidavit establishes a triable issue of fact as to whether Russell's evasive action was reasonable. We disagree. The pertinent portion of Tate's affidavit is strictly a conclusion and not a statement of fact in this case. (*Santschi v. Gorter* (1978), 63 Ill. App. 3d 394, 396-97, 379 N.E.2d 1383, 1385.) Parenthetically, the same must be said of the signed statement of the driver of the disabled vehicle. Tate's affidavit was insufficient to establish the existence of a triable issue of fact.

■ Plaintiff argues that there exists a triable issue of fact as to whether Russell maintained a proper lookout ahead prior to the collision. However, Russell did not admit that he did not maintain a proper lookout or that he did not see what he should have seen; moreover, that Russell took evasive action is shown by Ashe's uncontradicted statement that Russell applied his brakes and that the Texas Eastern truck left skidmarks. This is not a case, such as *Santschi v. Gorter*, cited by plaintiff, where the defendant admitted failing to see that which he should have seen had he looked and failed to show that he took evasive action.

More importantly, in light of the uncontradicted statement in Ashe's affidavit that decedent's truck incurred a blowout and crossed into Russell's lane, we are of the opinion that neither a failure to keep

proper lookout nor any of Russell's other alleged acts or omissions was a proximate cause of the collision or of decedent's death. Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that the defendant's acts caused the injury. No liability can exist unless the defendant's alleged negligence is the legal cause of the plaintiff's injury, and if the plaintiff fails to establish the element of proximate cause, he has not sustained his burden of making a *prima facie* case and summary judgment is proper. *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 817, 416 N.E.2d 328, 331.

*Walling v. Lingelbach* (1976), 65 Ill. 2d 244, 357 N.E.2d 530, concerned a head-on collision in fog. Both drivers were made defendants; Walling, the plaintiff, was a passenger in a car driven by defendant Strahorn. There was no evidence that the car in which the plaintiff was riding was across the center line; however, there was evidence that the other vehicle crossed the line. There were no skidmarks. A jury found both drivers guilty of negligence, and judgment was entered on the verdict. Strahorn appealed. The appellate court held that the evidence was insufficient to sustain any verdict for the plaintiff against the appellant. Our supreme court agreed:

> "[T]he collision would not have occurred but for one vehicle having crossed the center line.
>
> * * *
>
> Although Walling argued that it could be inferred that Strahorn was negligent by exercising improper control and lookout and by speeding, none of these alleged acts were the proximate cause of appellant's injury. We feel that the jury abandoned the domain of allowable inferences and entered the area of speculation in determining that Strahorn's negligence was one of the proximate causes of Walling's injury." (65 Ill. 2d 244, 248, 357 N.E.2d 530, 532-33.)

In our view our supreme court's comments in *Walling v. Lingelbach* are peculiarly applicable to the instant facts. Had decedent failed to cross the center line, no collision would have occurred. No issue of fact exists as to whether any act or omission on Russell's part was the proximate cause of the collision or of decedent's death. Accordingly, Russell and Texas Eastern were entitled to summary judgment.

■■ ■ Plaintiff argues that a jury could infer that a reasonable driver confronted with traffic veering across his lane toward the shoulder would remain in his own lane or steer left to avoid the accident: "However, the trial court had nothing before it to warrant the conclusion that the last second maneuver undertaken by Texas Eastern's

driver was reasonable under the circumstances." This contention ignores that Russell was acting in an emergency and in fear of his own life. Persons who have to act in an emergency are not to be judged in the light of hindsight, but are to be judged by the standard of what a prudent person would be likely to do under the circumstances presented. (*Rzeszewski v. Barth* (1944), 324 Ill. App. 345, 354-55, 58 N.E.2d 269, 274.) It was entirely reasonable for Russell to take evasive action. Further, in light of the blowout and decedent's loss of control of his own vehicle, we must conclude as a matter of law that Russell's failure to adopt a different evasive action was not the proximate cause of decedent's death.

Citing *Balfour v. Citgo Petroleum Corp.* (1983), 116 Ill. App. 3d 140, 144, 452 N.E.2d 46, 49, plaintiff urges that the fact that decedent crossed the center line does not establish decedent's negligence or the absence thereof on Russell's part. While we perceive this to be a correct statement of the law, the crucial issue on appeal is whether any action or omission on Russell's part could be considered the proximate cause of the collision and decedent's death. As we have noted, this question must be answered in the negative.

Aside from the proximate cause hurdle, which on this record plaintiff has failed to clear, plaintiff's remaining hypotheses directed against the judgment are entirely speculative. Plaintiff suggests that Russell should have heard the "report" heard by Trooper Ashe, recognized it as a tire blowout, and thereupon taken evasive action. This ignores certain uncontradicted points. There is no indication of record that Russell heard, or could have heard, the tire blowout. Further, even Ashe, who was closer to the "report" than Russell and who, unlike Russell, was not driving a vehicle at the time of the "report," did not recognize it as the sound of a blowout when he heard it. Plaintiff also suggests that braking skidmarks left by the Texas Eastern truck were shorter than the mark left by the left front tire of decedent's truck as that truck left its proper lane. There is no showing whatever on this record that Russell's reaction to the sight of decedent's truck crossing into his lane was in any sense dilatory.

On this record, we find no triable issue of fact regarding whether Russell was guilty of actionable negligence with respect to decedent. The trial court did not err in awarding summary judgment for Russell and Texas Eastern on that basis. Accordingly, the judgment of the circuit court of Williamson County is affirmed.

Affirmed.

KARNS, J., concurring.

JUSTICE HARRISON, dissenting:

Application of the relevant principles of law to the facts of this case persuades me that the trial court erred in granting summary judgment for defendants. It is well settled that the right of a movant to summary judgment must be free from doubt. The attachments supporting the motion should be strictly construed and must leave no question as to the movant's right to judgment; conversely, counteraffidavits should be liberally construed. The purpose of summary judgment is not to try an issue of fact; where reasonable persons could arrive at different results, questions cannot be determined as a matter of law. *Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 986, 360 N.E.2d 440.

In this case, reasonable persons could arrive at different results regarding the question of defendants' liability. The duty to use ordinary care to avoid a collision is reciprocal, and both parties have a duty to use every precaution to avoid a collision. (*Waldron v. Hardwick* (1968), 99 Ill. App. 2d 36, 41-42, 240 N.E.2d 772.) One must still exercise due care to prevent injury to oneself and others and to avoid a collision with a driver proceeding down the wrong side of the road; indeed, courts have repeatedly upheld judgments apportioning negligence even though one driver was wholly or partially on the wrong side of the road. (See *Balfour v. Citgo Petroleum Corp.* (1983), 116 Ill. App. 3d 140, 145, 452 N.E.2d 46, and cases cited therein.) Here, Trooper Ashe's testimony that plaintiff's decedent's truck blew a tire and crossed the road does not conclusively establish absence of fault on the part of defendants' vehicle, in view of the other evidence in the record. Contrary to the majority's assertion, the affidavit of Martin Tate submitted by plaintiff is not strictly conclusionary, as an affidavit stating that a collision was "unavoidable" was held to be in *Santschi v. Gorter* (1978), 63 Ill. App. 3d 394, 396-97, 379 N.E.2d 1383; rather, Tate's affidavit states the specific facts that the accident happened entirely off the roadway, and would not have occurred had defendant Russell stayed within the confines of his own lane. Moreover, *Walling v. Lingelbach* (1976), 65 Ill. 2d 244, 357 N.E.2d 530, on which the majority relies heavily, is not controlling, as the accident in that case occurred on damp pavement and in fog (65 Ill. 2d 244, 246, 357 N.E.2d 530), neither of which was present here. In view of the content of Tate's affidavit, and the strict test which must be met in order for the granting of summary judgment to be appropriate, I would reverse the judgment here and remand for further proceedings.