CHRIS HENNESSY, Plaintiff-Appellant, v. EDWARD FOLEY, Defendant-Appellee.

Fifth District   No. 5—85—0557

Opinion filed April 20, 1987.

Lawrence O. Taliana, of Burroughs, Simpson, Hepler, Broom & McCarthy, of Edwardsville, for appellant.

Eric C. Young, of Dunham, Boman & Leskera, of East St. Louis, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Chris Hennessy, filed a complaint for personal injuries arising out of an automobile accident on September 10, 1983, in St. Clair County, Illinois. The third amended complaint, in two counts, alleges that defendant was intoxicated at the time of the accident and seeks damages for defendant's alleged negligence and willful and wanton conduct. The court granted defendant's motion for summary judgment as to the willful and wanton count of plaintiff's complaint. Plaintiff appeals. We reverse.

The relevant facts as they appear in the record on appeal are as follows: On September 10, 1983, plaintiff was driving an automobile along Route 157 in St. Clair County and became lost. At first he was driving in the correct direction, then he proceeded to travel in an incorrect direction along Route 157 a couple of times, making several U-turns. Just prior to the accident, one of plaintiff's passengers told him to make another U-turn. At this point, plaintiff was traveling at 30 to 40 miles per hour in the right lane of a four-lane highway. Plaintiff slowed down and proceeded to make his U-turn slowly when he was struck by defendant's vehicle traveling in the same direction but in the left lane. Defendant's vehicle struck plaintiff's vehicle in the left rear door.

Plaintiff was injured in the accident and does not recall the collision. In affidavits filed with the court, plaintiff's two passengers, Jo-

seph Walker and Michael Newton, recall that plaintiff was starting to make a slow U-turn on the highway, that defendant did not attempt to brake his vehicle, that defendant did not attempt to change lanes to avoid a collision, and that defendant had time to avoid the collision by slowing down, braking, or switching lanes. In his deposition, Joseph Walker stated that he could not recall whether the plaintiff turned to see if there was traffic coming or whether he looked in the rearview mirror. He could not recall how far away defendant's vehicle was at the time he first saw it, although he did state that he saw it right before the impact. There was no testimony from the plaintiff, who cannot recall the circumstances of the accident, or any passengers in his automobile as to the position of defendant's automobile when plaintiff began to make his U-turn.

Defendant initially gave a statement to his insurance company in which he stated he did not know what happened. However, in his deposition, defendant stated that plaintiff turned his vehicle right in front of his, that he was driving at the speed limit, and that he was driving in his lane until the impact. There were no other witnesses to the accident.

Shortly after the accident, defendant was observed by Kevin Woodring, a police officer, and Howard Kellerman, an ambulance attendant. Officer Woodring testified that defendant smelled of alcohol and his speech was slurred, that he was under the influence of alcohol, and that this influence might or could have affected his driving. Officer Woodring also stated that when defendant was given his implied-consent warning at the hospital, he was belligerent, he was mumbling, and his voice was slurred. Howard Kellerman testified that there was a strong smell of alcohol on defendant's breath, his speech was slurred, and that it was his opinion that defendant was under the influence of alcohol or intoxicated. Joseph Walker, one of the passengers in plaintiff's vehicle, saw the defendant staggering in the hospital and stated that he appeared to be drunk.

In count II plaintiff alleged that defendant's conduct was willful and wanton and subjects him to liability for punitive damages. Plaintiff alleges that defendant's intoxication, in addition to his failure to keep his vehicle under proper control, driving under the influence of intoxicating liquor, driving at a speed greater than the speed limit, driving at a speed greater than is reasonable and proper with regard to traffic conditions, failing to reduce speed to avoid an accident, and failing to keep a proper lookout, renders his conduct willful and wanton.

Defendant moved for summary judgment as to count II, stating

that as a matter of law, his alleged willful and wanton conduct was not a proximate cause of the accident. On July 18, 1985, the trial court granted summary judgment. Plaintiff's request that the court reconsider its ruling was denied. Plaintiff appeals from the order granting summary judgment and the order denying his motion to reconsider the court's order.

The sole issue on appeal is whether the trial court properly entered summary judgment in favor of defendant on count II of plaintiff's complaint. Plaintiff contends that summary judgment was improperly granted because the pleadings, affidavits, and depositions raise issues of material fact. We agree.

■■■ Upon review of a trial court's entry of summary judgment, a reviewing court's sole function is to determine whether the trial court correctly determined that there were no genuine issues of material fact, and if there were none, whether judgment for the moving party was correctly entered as a matter of law. (*Bain v. Benefit Trust Life Insurance Co.* (1984), 123 Ill. App. 3d 1025, 1030, 463 N.E.2d 1082, 1085.) If the pleadings, affidavits, and depositions of record do not pose any genuine issue of material fact, the movant is entitled to judgment in his favor as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) The harshness of this remedy has given rise to the corollary rule that if there exists any doubt as to the movant's right to summary judgment, that doubt must be resolved in favor of the nonmovant so that evidence may be presented to the trier of fact and an order by the trial court granting summary judgment will be reversed on review if it is determined that a material question of fact exists. *Reed v. Fleming* (1985), 132 Ill. App. 3d 722, 725, 477 N.E.2d 733, 735.

■■■ At the outset, we note that when a driver of an automobile is intoxicated and commits an act which causes an accident, a question of fact is created as to whether the driver's conduct was willful and wanton. (See *Coleman v. Williams* (1976), 42 Ill. App. 3d 612, 618-20, 356 N.E.2d 394, 399-400; *Madison v. Wigal* (1958), 18 Ill. App. 2d 564, 153 N.E.2d 90.) Expert testimony is not necessary to prove intoxication. (*Vandeveer v. Preston* (1957), 13 Ill. App. 2d 29, 36, 140 N.E.2d 521, 524.) Our review of the particular circumstances of the case before us, as disclosed by the pleadings, affidavits, and depositions, indicates that there is evidence that defendant was intoxicated at the time of the accident. Officer Woodring, one of the policemen at the scene, testified that defendant smelled of alcohol, that he was belligerent, that he was mumbling and his voice was slurred, and that he was under the influence of alcohol and that this influence

might or could have affected his driving. Howard Kellerman, an ambulance attendant, testified that defendant smelled strongly of alcohol, his speech was slurred, he was combative, his actions were slow and unpurposeful, he was fumbling in his movements, and that it was his opinion that plaintiff was under the influence of alcohol or intoxicated. Joseph Walker, a passenger in plaintiff's vehicle, observed the defendant after the accident as defendant was attempting to leave the hospital and noted that defendant was staggering, disoriented, and appeared to be intoxicated. We believe the record in this case demonstrates enough evidence to submit the issue of defendant's intoxication to the trier of fact.

Defendant argues in his summary judgment motion that because he was travelling in his own lane at the time of the accident, and because the plaintiff turned in front of his vehicle, that as a matter of law, he could not have caused the accident. We note however that a driver can be at least partially at fault for accidents occurring in his lane of traffic. *Waldron v. Hardwick* (1968), 99 Ill. App. 2d 36, 240 N.E.2d 772 (duty to keep proper lookout and keep vehicle under control to avoid collision with a parked or standing vehicle which may improperly turn into the flow of traffic); *Balfour v. Citgo Petroleum Corp.* (1983), 116 Ill. App. 3d 140, 452 N.E.2d 46 (duty to exercise due care to prevent injury to oneself and others and to avoid a collision with a driver who may be proceeding on the wrong side of the road).

■■ In the case at bar, defendant stated that plaintiff's vehicle pulled directly in front of his vehicle. Plaintiff presented affidavits from two passengers in his vehicle which stated that plaintiff slowly began to make a U-turn; that the whole process of making the U-turn took a few seconds; that defendant's vehicle collided with the left rear door of the plaintiff's vehicle; that defendant made no attempt to brake his vehicle or change lanes; and that defendant had sufficient time to slow down, brake, or change lanes to avoid contact with defendant's vehicle. These affidavits create a factual dispute. When one combines the evidence of defendant's intoxication with the evidence regarding his subsequent acts, defendant's conduct becomes more culpable than if he was not intoxicated. Whether defendant's conduct then rises to a level of willful and wanton conduct becomes a question for the trier of fact. See *Coleman v. Williams* (1976), 42 Ill. App. 3d 612, 356 N.E.2d 394.

In *Coleman*, plaintiff was walking along a road when he was struck by defendant's vehicle. Conflicting accounts were given of the accident. Plaintiff recalled walking six feet off of the edge of the road

and then remembered nothing until waking up in a hospital after the accident. Defendant testified that he was driving 20 to 25 miles per hour when plaintiff slipped or stumbled onto the road approximately three feet in front of his vehicle. Defendant testified that after making contact with plaintiff, he put his brakes on slowly and came to a gradual stop without skidding. The police officer investigating the accident revealed that defendant had made several inconsistent statements with regard to how the accident occurred and that skid marks at the scene started at a point 4½ feet off the highway and continued for 5 or 6 feet. It was the opinion of the officer that the skid marks were left by defendant's vehicle. The police officer also testified that defendant appeared to be intoxicated. Plaintiff filed suit against defendant alleging negligence and willful and wanton conduct on the part of the defendant. The trial court, at the conclusion of plaintiff's evidence, dismissed the willful and wanton counts, and the jury ultimately decided for the defendant on the negligence allegations. The appellate court concluded that the verdict for the defendant was against the manifest weight of the evidence and that the trial court erred in dismissing the willful and wanton counts of plaintiff's complaint. The court in *Coleman* concluded by stating in pertinent part as follows:

> "We further believe that it was for the jury to say whether or not the defendant was guilty of wilful and wanton conduct considering the evidence of his intoxication and his subsequent acts resulting in the accident herein. *** In the case before us we believe there was evidence of defendant's intoxication and we specifically find that the question of intoxication of the defendant is a factor to be determined by the jury as to whether or not the conduct of the defendant constitutes wilful and wanton conduct on his part." (42 Ill. App. 3d 612, 620, 356 N.E.2d 394, 399-400.)

We believe that this same principle is applicable to the case at bar and that the evidence before the court was sufficient to submit the question of willful and wanton conduct to the trier of fact at trial, thereby precluding summary judgment. Defendant, in his motion for summary judgment, alleges merely that he was driving in his own lane at or under the speed limit at the time of the accident. He did not present any evidence that he was not intoxicated. Plaintiff, in opposition to the motion, presented two affidavits and a deposition alleging defendant failed to brake properly or maintain a proper lookout prior to the accident and three depositions indicating that defendant may have been intoxicated. We believe this is sufficient to create a factual question

which requires resolution by the finder of fact at trial and that it was error to grant defendant's motion for summary judgment. Defendant cannot escape liability by simply showing that he was in his own lane at the time of the accident. As we have indicated, a driver who fails to maintain a proper lookout for other vehicles is at least partially at fault if an accident results. Here, the plaintiff has presented affidavits showing defendant failed to keep a proper lookout and failed to brake and depositions indicating that defendant was intoxicated. These allegations create a factual question as to whether defendant's conduct was willful and wanton and whether this conduct caused or contributed to the accident with plaintiff.

We therefore find that the trial court incorrectly determined there were no genuine issues of material fact and accordingly defendant's motion for summary judgment with respect to count II of plaintiff's complaint was improperly entered. ·

Reversed.

HARRISON and WELCH, JJ., concur.