CECIL R. TURNER, Guardian of the Person and Estate of Peggy Jo Turner, a Disabled Person, Plaintiff-Appellant, v. RUSSELL H. ROESNER, Defendant-Appellee (Kenneth E. Jeralds *et al.*, Defendants).

Second District No. 2—89—0100

Opinion filed January 16, 1990.—Rehearing denied February 21, 1990.

DUNN, J., dissenting.

John M. Simko, of Boback, Bianchi & Simko, Ltd., of Crystal Lake, for appellant.

Querrey, Harrow & Callahan, P.C., of Geneva, and Thomas P. Scherschel, Victor J. Piekarski, and Michael Resis, all of Querrey & Harrow, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, Cecil R. Turner, guardian of the person and of the estate of Peggy Jo Turner, brought suit in the circuit court of Kane County against the defendant, Russell H. Roesner, alleging that the defendant's negligence caused an automobile accident resulting in serious injury to Ms. Turner. The plaintiff alleged that the defendant, whose truck collided with the car in which Ms. Turner was riding, was driving too fast for conditions and failed to take evasive action to avoid the accident. The trial court granted the defendant's motion for summary judgment, and the plaintiff now appeals. Because we believe that the jury should have been allowed to determine whether the defendant's conduct was negligent and whether it proximately caused the injuries complained of, we reverse the trial court's order granting summary judgment in favor of the defendant, and we remand the cause for further proceedings.

This suit arises out of an automobile accident which took place on December 15, 1986, at approximately 6:30 a.m. Ms. Turner was riding in a Ford Mustang driven by Richard J. Eisele, which was northbound on Randall Road, and the defendant was driving his Toyota pickup truck southbound on Randall Road. Visibility was poor due to darkness and fog. At some point, the Mustang driven by Eisele crossed the center line of Randall Road and entered into the southbound lane. The defendant's southbound truck then struck the Mustang on its driver's side. A minor second collision occurred when the end of the Mustang was struck by another car which had been following it in the northbound lane. Eisele was killed in the accident, and Ms. Turner suffered permanent disabling injuries.

After he was appointed guardian of Ms. Turner's person and es-

tate, the plaintiff filed a three-count complaint in the circuit court of Kane County seeking to recover for the injuries Ms. Turner suffered in the accident. Count I sought recovery against the estate of Eisele based on his allegedly negligent driving of the car in which Ms. Turner was a passenger. Count II alleged that defendant Roesner's negligence in operating his vehicle was also a proximate cause of Ms. Turner's injuries. In relevant part, count II specifically alleged that defendant Roesner was negligent in that he failed to: (a) reduce the speed of his vehicle as appropriate under the existing traffic and weather conditions; (b) apply his brakes or take other evasive action to avoid the collision; and (c) keep a proper lookout. Count III sought to recover damages from Kenneth E. Jeralds, the driver of the car involved in the second collision with the Mustang.

Count III was disposed of when the plaintiff succeeded in obtaining a default judgment against Jeralds, and count I was dismissed after a settlement was reached between the plaintiff and the estate of Eisele. Defendant Roesner moved for summary judgment with regard to count II, and, in support of his motion, the defendant submitted transcripts from depositions taken of him and of an independent witness, Kathleen Marie Koch. In his deposition, the defendant stated that he was traveling southbound on Randall Road at about 40 to 45 miles per hour in a 55-mile-per-hour zone. It was dark, and there was a heavy fog in the area. The defendant said that he could see only as far as his headlights could illuminate, a distance he estimated at 150 to 200 feet. He stated that when the Mustang first came into the range illuminated by his headlights it was completely in his lane and perpendicular to him. He was not sure if it was stopped or if it might have been sliding sideways toward him. He stated that he had only about 2 seconds and 120 feet to react and that in such a short time he could not avoid the collision. He was sure he removed his foot from the accelerator, but he did not remember applying the brakes.

In her deposition, Koch stated that, on the morning of the accident, she was driving northbound somewhere behind the Mustang. The group of northbound cars in which she traveled, which included the Mustang, was moving at about 45 miles per hour. The speed limit on that stretch of Randall Road, she said, is 55 miles per hour. According to Koch, there was a light fog that morning and the pavement was slick, and she indicated that there was ice on the road. Koch stated that she saw the Mustang turn off into the other lane of traffic until it was completely in the southbound lane. She never saw the defendant's truck prior to the impact with the Mustang. Koch said that, after it was hit by the truck, the Mustang came to a stop and

was hit a second time by another northbound vehicle.

The plaintiff's response to the defendant's motion for summary judgment admitted that the collision between the Mustang and the defendant's truck took place when the Mustang was completely in the southbound lane. The plaintiff also included a copy of Koch's deposition transcript with his response. Koch's statement, the plaintiff claimed, showed that the weather on the morning in question was foggy and wet and the roadway was icy and slippery. The plaintiff admitted that no known witness could contradict the defendant's statements that he was driving 40 to 45 miles per hour within his lane and that he had only 2 seconds and 120 feet to react. It was the plaintiff's contention, however, that the defendant was still under a duty to exercise reasonable care to avoid colliding with the Mustang and to reduce his speed as the weather conditions required. The trial court, finding no material fact at issue, granted the defendant's motion for summary judgment. The plaintiff now appeals from the trial court's order granting summary judgment.

■ A motion for summary judgment should be granted if the pleadings, depositions, admissions and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) Summary judgment is a drastic means of disposing of litigation and should be granted only if the right of the movant is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) Evidence is to be viewed in the light most favorable to the nonmovant in determining whether a genuine issue of material fact exists; if there are no such facts in dispute, inferences may be drawn from undisputed facts to determine if the movant is entitled to judgment as a matter of law. *Estate of Dompke v. Dompke* (1989), 186 Ill. App. 3d 930, 933.

Here, the facts are not in dispute. The parties agree that the defendant was driving completely within his own lane at 45 miles per hour, a speed less than the posted limit of 55 miles per hour. The defendant had about 2 seconds and 120 feet to react. He took his foot off the accelerator but does not remember braking. He did not attempt to drive into the other lane or onto the shoulder of the road. While the parties agree as to these underlying facts, the plaintiff maintains that the central question remaining is whether the defendant breached his duty of exercising ordinary care under these circumstances by: (a) driving too fast under the weather and traffic conditions present on the morning of the accident; (b) failing to apply his brakes; and (c) failing to take evasive actions to avoid the collision.

The defendant, on the other hand, contends that the trial court correctly determined, as a matter of law, that the defendant's conduct was not negligent.

In a negligence action, the plaintiff must show the existence of a duty owed by the defendant, breach of that duty, and injury proximately caused by the breach. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85.) While the trial court must determine whether a duty exists, the question of whether the defendant breached a duty is normally a question of fact for the jury to decide. (*Horak v. Biris* (1985), 130 Ill. App. 3d 140, 144.) Whether a defendant's conduct proximately caused a plaintiff's injury is also a question for the trier of fact to resolve. (*Roeseke v. Pryor* (1987), 152 Ill. App. 3d 771, 779.) The trial court may make these factual determinations on a motion for summary judgment when, as a matter of law, the evidence so clearly favors the party seeking summary judgment that no fair-minded person could dispute his right to a favorable judgment. See *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.

Here, even though he was within his own lane and driving at less than the posted speed limit, the defendant was under a duty to exercise due care under the circumstances to avoid a collision with a driver proceeding on the wrong side of the road. (*Rutter v. Gemmer* (1987), 153 Ill. App. 3d 586, 594; *Balfour v. Citgo Petroleum Corp.* (1983), 116 Ill. App. 3d 140, 144-45.) Thus, summary judgment in the defendant's favor was proper only if no fair-minded person could find, on the evidence contained in the pleadings and depositions, that the defendant breached this duty or that his conduct was the proximate cause of the accident.

With this analytical framework in mind, we first consider the plaintiff's contention that the defendant breached his duty of care under the circumstances because he failed to brake or take evasive action to avoid the collision with the Mustang. Illinois courts have long held that a sudden swerve into a defendant's right of way by an approaching vehicle does not give rise to negligence by the defendant. Courts will not view a party's acts with the clarity of hindsight, but by a standard of what a prudent person would have done under the same circumstances. (*Wilmere v. Stibolt* (1987), 152 Ill. App. 3d 642, 647.) The driver of a vehicle who is faced in a sudden emergency with imminent peril is not required to possess the same coolness and judgment as when there is no imminent peril. (*McCullough v. McTavish* (1978), 62 Ill. App. 3d 1041, 1047.) Here, we believe the trial court was correct insofar as it determined, as a matter of law, that the defendant's response to the sudden emergency confronting him was

reasonable under the circumstances.

Were this the only issue before us, *i.e.*, whether the defendant's response was reasonable given the short time in which he could have reacted, we would have no difficulty upholding the trial court's decision to grant summary judgment in favor of the defendant. But the issue here is not merely what *response* would have been reasonable with only two seconds to react; the issue is also whether and to what extent the defendant's conduct contributed to the very short time in which he could have responded to the emergency which confronted him. The plaintiff specifically alleged in his complaint that the defendant was driving too fast under the conditions present on the day of the accident. We believe that the defendant's own deposition presents a sufficient basis for fair-minded people to differ as to whether the defendant was driving too fast on the dark and foggy morning in question.

■ The plaintiff concedes that the defendant was driving 10 to 15 miles per hour less than the posted speed limit. Even this speed would be unreasonable, however, if the weather conditions and visibility did not allow it. (*McCullough v. McTavish* (1978), 62 Ill. App. 3d 1041, 1045.) The witness to the accident, Kathleen Koch, stated in her deposition that the road was icy and slippery. The defendant's deposition reveals that, because of fog and darkness on the morning in question, his visibility was limited to only that distance which was illuminated by his headlights. Furthermore, the defendant stated that the Mustang may have been fully stopped when he first saw it. The defendant stated that when he saw the Mustang he could not stop his truck in time to avoid colliding with it; in other words, as soon as the stationary Mustang came into view, it was already too late. Based on these uncontroverted facts, reasonable jurors could infer that the defendant breached his duty of care by driving his truck at such a speed that he could not stop his vehicle within the distance illuminated by his headlights. Because the uncontroverted facts are capable of supporting more than one conclusion, we believe that the trial court could not have properly granted summary judgment on the question of whether the defendant's conduct was negligent. See *Santschi v. Gorter* (1978), 63 Ill. App. 3d 394, 395.

■ ■ Thus, the question of whether the defendant breached his duty of care is one that should have been reserved for the trier of fact. Summary judgment would still have been proper, however, if the trial court could have determined, as a matter of law, that the defendant's conduct was not the proximate cause of Ms. Turner's injuries. The trial court may make such a determination "where it is apparent

from the undisputed facts that only one conclusion can be drawn." (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 90.) It is important to note that there can be more than one proximate cause of a plaintiff's injuries. (*Countryman v. County of Winnebago* (1985), 135 Ill. App. 3d 384, 392.) When there is more than one proximate cause of an injury, one guilty of negligence cannot avoid responsibility merely because another person is also guilty of negligence contributing to the same injury, even though the injury would not have occurred but for the negligence of the other person. *Sears v. Kois Brothers Equipment, Inc.* (1982), 110 Ill. App. 3d 884, 889.

■ Proximate cause consists of two distinct elements: actual cause and legal cause. Actual cause, or cause in fact, is determined by simply analyzing the facts. A defendant's conduct may be deemed the actual cause of a plaintiff's injury if, "but for" the defendant's conduct, the injury would not have occurred. Actual cause can also be established where the defendant's conduct is a material element and substantial factor in bringing about the plaintiff's injuries. (See *Kerns v. Engelke* (1977), 54 Ill. App. 3d 323, 333, *aff'd in part & rev'd in part on other grounds* (1979), 76 Ill. 2d 154.) Once it is established that the defendant's conduct was an actual cause of the plaintiff's injury, the next question is whether the defendant should be held legally responsible for it; in other words, the question is whether the defendant's conduct was the legal cause of the plaintiff's injury. *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1984), 129 Ill. App. 3d 1011, 1020, *aff'd* (1986), 112 Ill. 2d 378.

■ Here, a reasonable jury could find that, but for the defendant's failure to drive at a speed which would have allowed him to stop in time, the collision would not have occurred; in other words the "but for" test of actual causation could be satisfied. Though such conduct would certainly not be the sole cause of the collision, reasonable jurors could find that the speed of the defendant's truck constituted a "substantial factor" in causing the accident, thus meeting the second test for actual cause. Therefore, it appears from the pleadings and depositions that reasonable minds might differ as to whether the defendant's conduct was an actual cause of the collision.

■ There remains then, the question of whether the defendant's conduct, even if it might have been an actual cause of the collision, is also its legal cause. Legal cause, as we have noted, is a more narrow concept requiring the jury to determine whether a defendant will be held legally responsible for the actual consequences of his conduct. The foreseeability of the plaintiff's injuries is a factor in determining proximate cause. (*Ortiz v. City of Chicago* (1979), 79 Ill. App. 3d 902,

907.) Another party's acts do not break the causal connection between a defendant's negligence and the plaintiff's injuries if the third party's act was probable and foreseeable. In order to escape liability, the defendant must demonstrate that the other party's act was unforeseeable as a matter of law. See *Romano v. Bittner* (1987), 157 Ill. App. 3d 15, 28-29.

The defendant argues that several Illinois cases require us, as a matter of law, to uphold the trial court's determination that the defendant's conduct was not the proximate cause of the plaintiff's injury. We do not agree that the cases cited by the defendant compel such a result. The defendants in *Walling v. Lingelbach* (1976), 65 Ill. 2d 244, *Young v. Texas Eastern Transmission Corp.* (1985), 137 Ill. App. 3d 35, and *Rutter v. Gemmer* (1987), 153 Ill. App. 3d 586, were all involved in automobile accidents in which another vehicle crossed into their lane of traffic. In *Walling*, the supreme court held that the facts presented did not sufficiently present a question for the jury. (*Walling*, 65 Ill. 2d at 248.) In *Young* and *Rutter*, the appellate court upheld the trial court's granting of summary judgment in favor of the defendant in each case. (*Young*, 137 Ill. App. 3d at 39; *Rutter*, 153 Ill. App. 3d at 594.) In all three cases, the defendant's conduct was clearly not the sole cause of the accident, and each reviewing court stated that the defendant's alleged negligence was not the proximate cause of the plaintiff's injuries. (*Walling*, 65 Ill. 2d at 248; *Young*, 137 Ill. App. 3d at 40; *Rutter*, 153 Ill. App. 3d at 593.) We do not believe, however, that these cases can be read to imply that, as a matter of law, the driver of a vehicle which collides with an oncoming vehicle proceeding in the wrong lane of traffic cannot be held to have proximately caused the collision even where he is driving too fast for conditions. Instead, we believe the holdings in these three cases resulted from the plaintiffs' failure to present sufficient *evidence* from which it could be inferred that the defendant's conduct was a proximate cause of the accident.

In *Walling*, for example, the defendant was driving in fog but was still able to react to the presence of an oncoming automobile in her lane. The defendant veered onto the shoulder on her side of the road but could not avoid colliding with the oncoming vehicle. (*Walling*, 65 Ill. 2d at 248.) The supreme court held in that case that "the evidence was insufficient to present a jury question" as to whether the defendant's alleged speeding could have proximately caused the accident. (*Walling*, 65 Ill. 2d at 248.) Here, on the other hand, the defendant's own deposition could support an inference that he was driving at such a speed that he could not even attempt to avoid a collision with a car

stopped in his lane once it came into view. Unlike in *Walling*, the evidence of this defendant's actions undertaken before the other car entered his lane (*i.e.*, driving too fast for conditions) could support an inference that his negligence was a proximate cause of the accident. Even if Eisele's Mustang crossed completely into the defendant's lane of traffic, "the jury could also have found one or both of the parties negligent in driving too fast for the conditions of the road." (*Balfour v. Citgo Petroleum Corp.* (1983), 116 Ill. App. 3d 140, 145.) The jury here should have been allowed to make this determination.

Similarly, both *Young* and *Rutter* were resolved based upon the plaintiff's failure to present sufficient evidence to show how the defendant's alleged negligence proximately caused the collision. (*Young*, 137 Ill. App. 3d at 39; *Rutter*, 153 Ill. App. 3d at 594.) Here, as we have said, the defendant's own deposition provides ample ground to support such an inference, and so the jury should have been allowed to decide the issue. (See *Santschi v. Gorter* (1978), 63 Ill. App. 3d 394, 396-97.) Moreover, the evidence presented does not show, as a matter of law, that the defendant could not foresee that an oncoming car might errantly enter his lane of traffic. This is true even if the negligence of a third party, Eisele, caused the entry of the car into the defendant's lane. See *Romano v. Bittner* (1987), 157 Ill. App. 3d 15, 28-29.

Finally, we wish to dispel any misinterpretation of our decision in *Rutter* regarding the correct application of the "but for" test in instances where there could be more than one proximate cause of a plaintiff's injury. Here, for example, a jury might conclude that, but for the defendant's excessive speed, he would have been able to stop before colliding with the Mustang stopped in his lane; it might also conclude that, but for Eisele's negligence in failing to control the Mustang, the accident would never have occurred. While both inferences are supportable, they merely show that more than one proximate cause can exist. Even if the defendant would not have collided with the Mustang "but for" the fact that it improperly entered his lane of traffic, application of the "but for" test cannot relieve the defendant of the consequences of his own conduct if it also was a proximate cause of the collision. See *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 393-94.

In conclusion, we believe that the trial court erred by granting the defendant's motion for summary judgment. The pleadings and depositions presented facts upon which reasonable minds could differ regarding: (a) whether the defendant breached his duty of care to avoid a collision with a driver proceeding on the wrong side of the road by

driving too fast for conditions; and (b) if such a breach occurred, whether it proximately caused the plaintiff's injuries. We therefore reverse the trial court's order granting the defendant's motion for summary judgment and remand the cause for further proceedings.

Reversed and remanded.

INGLIS, J., concurs.

JUSTICE DUNN dissenting:
I respectfully dissent. A good legal analysis is presented by the majority, but they reach the wrong conclusion. Although proximate cause is ordinarily a factual determination for the jury, where it is apparent from the undisputed facts that only one conclusion can be drawn, the question then becomes one for the court to resolve as a matter of law. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 90.) Only one conclusion can be legitimately reached here. The trial court in my judgment correctly concluded from the undisputed facts that the conduct of the defendant was, as a matter of law, not the proximate cause of the injuries to the plaintiff. I would affirm.