MARGARET A. HAAS *et al.*, Plaintiffs-Appellants, *v.* EUGENE TOMASZEK *et al.*, Defendants-Appellees.

First District (5th Division)   No. 76-1549

Opinion filed January 6, 1978.

Ryan, Condon & Livingston, of Chicago, and Edward F. Diedrich, of DeKalb, for appellants.

Kralovec, Sweeney, Marquard & Doyle, of Chicago (George E. Sweeney and Edward V. Scoby, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs, Margaret N. Haas and Paul Anderson, on behalf of Matthew Anderson, a minor, brought suit against defendants, Eugene Tomaszek and Edward Tomaszek, his son, seeking damages for personal injuries allegedly sustained in an automobile accident. A verdict was directed in favor of Eugene Tomaszek, and the claim of Margaret Haas was held barred by the statute of limitations. The claim asserted on behalf of Matthew Anderson against Edward Tomaszek was submitted to a jury, and a verdict was returned in favor of defendant. Judgment was entered on the verdict, and plaintiffs' post-trial motions were denied. Plaintiffs appeal, contending that: (1) since the evidence they presented was uncontradicted, a verdict should have been directed in their favor or their motion for a new trial granted; and (2) the trial court should not limit the scope of examination of an adverse witness recalled to testify.

We affirm. The following pertinent facts were adduced at trial.

Eugene Tomaszek was called by plaintiffs as an adverse witness and testified as follows. On June 24, 1972, he drove his father's blue Chevrolet southwest on the Stevenson Expressway. He did not notice on that occasion that a car had left the road and overturned, and he first learned of the incident in July.

Robert Slezak testified that he was driving southwest on the Stevenson Expressway on the day in question and observed two cars behind him by looking in the rear-view mirror. A gold car (plaintiff's vehicle) was in the left lane, and parallel to it in the center lane was a blue Chevrolet. He saw the blue car partially enter the left lane two or three feet over the lane marker. The front wheels of plaintiffs' car turned to the left and he saw the "front of the car dive." Then, through the side-view mirror, he saw plaintiffs' car go off the road and into the grassy area in the middle of the expressway. The blue car did not stop and Slezak saw two men in the car as it passed him. He recorded its license number and stopped to render assistance to plaintiffs.

Margaret Haas testified that on June 24, she was driving southwest on the Stevenson Expressway. She was accompanied by her nephew, Matthew Anderson, who was seated in the right front seat. As she approached the vicinity of California Avenue she traveled at a speed of 50 to 55 miles per hour. The expressway at that point is three lanes wide, and she was in the left lane. To her left was a black-top emergency lane and a grass median strip beyond. Near California Avenue a blue car, which had been traveling southwest in the center lane, edged into her lane of traffic, causing her to ease into the emergency lane. She let up on the accelerator, but did not apply the brakes or sound the horn. She drove in the emergency lane for about 15 or 20 seconds and then attempted to bring the car back onto the expressway. The blue car was still partially in the left lane. She turned back onto the emergency lane, pulling her nephew to her with her right hand. She lost control of the car; it went down the grassy incline and came to rest upside down. Matthew lost a finger as a result of the incident.

At this point in the trial, on May 26, 1976, plaintiffs filed a three-count amended complaint, adding Edward Tomaszek as a party defendant. The count asserting the claim of Margaret Haas against Edward Tomaszek was stricken on the ground that the statute of limitations had expired. A directed verdict was granted against both plaintiffs concerning the claims against Eugene Tomaszek on the ground that agency had not been proven. Plaintiffs, however, were granted leave to recall Edward Tomaszek as an adverse witness to establish his age and whether he saw the other car before the accident. At that time plaintiffs' motion for a directed verdict was denied.

When Edward Tomaszek was recalled by plaintiffs, he testified that at the time of the incident he was 17 years old. On June 24 as he drove on the Stevenson Expressway he first saw plaintiffs' car in the vicinity of California Avenue when it passed him. He was then in the center lane of traffic, and plaintiffs' car was in the left lane and emergency lane.

Defendant adopted Edward Tomaszek's testimony elicited in plaintiffs' case, and rested without introducing any additional evidence.

OPINION

I.

■■ Plaintiffs first argue that the trial court erred in denying their motion for a directed verdict in that they have met the standard as set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504. In *Pedrick* our supreme court stated, at page 510:
"[V]erdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."
Plaintiffs argue that the *Pedrick* rule has increased the trial court's parameters beyond merely determining whether a factual issue exists. It is urged that in accordance with the rule the trial court in determining the sufficiency of evidence must analyze its comparative value. As applied in the instant case plaintiffs contend that where defendant put forth no proof, even if the trial court determined that an issue of fact existed, any evidence put forth by plaintiff established the manifest weight against which a contrary verdict could not stand. We do not agree.

■■■ The *Pedrick* rule must be applied with deference to the jury's primary role as trier of fact, and a court of review will not substitute its judgment for that of a jury or the trial judge who entered judgment on the verdict. (*Gettemy v. Grgula* (1975), 25 Ill. App. 3d 625, 323 N.E.2d 628.) It is particularly within the province of the jury to draw inferences from the evidence (*Moore v. Checker Taxi Co.* (1971), 133 Ill. App. 2d 588, 273 N.E.2d 514), including inferences as to what the parties should or should not have done in relation to the circumstances preceding an automobile collision. (*Reed v. Williams* (1973), 9 Ill. App. 3d 742, 292 N.E.2d 426.) Jurors are the sole judges of the credibility of witnesses and the weight to be accorded their testimony. *Watson v. Chicago Transit Authority* (1973), 12 Ill. App. 3d 684, 299 N.E.2d 58.

■■ Questions of negligence, due care and proximate cause are ordinarily questions of fact for a jury to decide. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.) Moreover, if plaintiffs are to succeed they must meet the *Pedrick* standard not only with regard to negligence by defendant but also with regard to a showing of freedom from contributory negligence. (*Gettemy v. Grgula.*) In the instant case, the trial court properly left it to the jury to decide whether defendant Edward

Tomaszek intruded into plaintiffs' lane of travel, and if he did whether that was the proximate cause of Margaret Haas' leaving the roadway.

■■ Plaintiffs further argue that although the evidence may not be so overwhelming in their favor to direct a verdict, the evidence may be sufficiently favorable to their position to grant a new trial. In *Pedrick* the distinction was preserved between the evidentiary situation requiring a new trial and that justifying direction of a verdict or judgment *n.o.v.* A more nearly conclusive evidentiary situation ought to be required before a verdict is directed than is necessary to justify a new trial. (*Pedrick v. Peoria & Eastern R.R. Co.*) On a motion for a new trial a court will weigh the evidence and set aside the verdict and order a new trial if the verdict is contrary to the manifest weight of the evidence. (*Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32.) Here, after reviewing all the evidence we cannot say that the jury's verdict was contrary to the manifest weight of the evidence.

## II.

Plaintiffs next argue that the trial court erred in limiting the scope of examination of an adverse witness called under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 60.) Plaintiffs assert that Supreme Court Rule 238 (Ill. Rev. Stat. 1973, ch. 110A, par. 238) was meant to expand the provisions of section 60 to allow examination of a party in order to impeach him by prior discovery statements or other use of court utterances. They urge that the trial court exceeded its authority in limiting the section 60 examination of defendant, thereby depriving plaintiffs of the right to impeach defendant's pleading wherein he denied that he had caused plaintiffs to leave the highway or had noticed the incident.

The record shows that after Margaret Haas and Paul Anderson testified, the jury was told that the only other witness to be called in plaintiffs' case would be a doctor whose schedule did not permit him to testify that day. At that point motions for directed verdict were argued in chambers, during the course of which it was agreed that plaintiffs would be given leave to recall Edward Tomaszek for limited examination.

■■ It is within the discretion of the trial court to permit or deny a party's request to recall a witness for further cross-examination, and the trial court's determination in this regard will not be disturbed unless there has been an abuse of discretion. (*Schutt v. Terminal Railroad Association* (1967), 79 Ill. App. 2d 69, 223 N.E.2d 264.) Moreover, the scope of cross-examination resides within the trial court's sound discretion, which will not be upset in the absence of abuse of discretion. (*Sweeney v. Max A. R. Matthews & Co.* (1970), 46 Ill. 2d 64, 264 N.E.2d 170.) We conclude that in the instant case there is no showing of abuse of discretion. The trial

court may properly limit the scope of further cross-examination upon recall of an adverse witness, considering the prejudicial effect the irregular procedure might have.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.