DENNIS PYSE, Plaintiff-Appellant, *v.* PATRICIA BYRD, Defendant-Appellee.

Third District No. 82—721

Opinion filed June 24, 1983.

1004

John Olivero and William LaSorella, both of Peru, for appellant.

George C. Hupp, Sr., and Gale F. Murrin III, both of Hupp, Irion, Hupp & Murrin, P.C., of Ottawa, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Dennis Pyse, was severely injured on July 4, 1979, when the motorcycle he was driving ran into the rear end of an automobile driven by the defendant, Patricia Byrd. The plaintiff filed suit seeking to recover damages for his injuries. After a trial before a La Salle County jury, a verdict was returned for the defendant under the law of comparative negligence, the jury concluding that the defendant was guilty of no negligence based upon the evidence before it. The plaintiff has appealed the jury's verdict, alleging that numerous errors occurred in the La Salle County trial which would require a reversal of the verdict.

On the day of the collision in question, the plaintiff and his wife attended a Fourth of July picnic at a rural farmhouse which was rented by Emerson Byrd and his wife, Patricia Byrd, the defendant. Numerous friends and relatives of Mr. and Mrs. Byrd also attended the picnic. During the course of the picnic games were played, dinner was served, and alcoholic beverages were consumed. At approximately 11 p.m., the defendant left the farmhouse to drive her mother-in-law to the latter's home in Mendota. She expected the plaintiff to follow her, driving his motorcycle. Both vehicles left the farmhouse traveling west along North 42d Road. Just a quarter of a mile from the farmhouse, North 42d Road intersected with County Highway 19. The defendant, followed by the plaintiff, turned north on County Highway 19 and traveled just over 800 feet from the intersection to past the top of a knoll in the road. As the plaintiff reached the top of the knoll in County Highway 19, the bright headlights of an approaching southbound car hindered his visibility. Just a third of a mile beyond the crest of the knoll, County Highway 19 curves to the left. On July 4, 1979, the plaintiff did not round that curve on his motorcycle, for moments after passing the crest of the knoll, the plaintiff collided with the rear end of the defendant's car, which he was following.

■■ The plaintiff's theory of the case is that the defendant negligently stopped or almost stopped her automobile on County Highway 19 after dusk. The defendant testified that she reduced her speed to

between 40 and 45 miles per hour to negotiate the curve in County Highway 19. Her theory of the case is that the plaintiff negligently drove his motorcycle too fast, after dusk and after drinking all day at the Fourth of July picnic. At the outset, the plaintiff urges that the verdict of the La Salle County jury should be reversed because it is against the manifest weight of the credible evidence.

A road sign on County Highway 19 warns northbound motorists that the roadway curves to the left just north of the locations where the subject collision occurred. The same road sign advises approaching motorists that the speed limit for the curve is 45 miles per hour, a reduction from the usual speed limit on County Highway 19 of 55 miles per hour. A reading of the record in this case reveals disputes in the testimony as to the precise location of the collision. By one version of events, the collision occurred in the 55-mile-per-hour speed zone, south of the reduced speed zone for the curve, where the defendant had stopped or almost stopped her vehicle waiting for the plaintiff to catch up to her. By another version of events, the collision occurred within the reduced speed zone for the curve, when the defendant had reduced the speed of her vehicle to between 40 and 45 miles per hour. While we find evidence in the record to support both points of view, it is axiomatic that a reviewing court will not reweigh the evidence in the record, but will only review the evidence to determine if the conclusions reached by the finder-of-fact are sufficiently supported by credible evidence. (2 Ill. L. & Prac. *Appeal & Error* sec. 777 (1953).) Where, as here, there is substantial evidence to support the jury's conclusion, we will not set aside its verdict.

■■ ■ The use of the plaintiff's pretrial deposition during the course of the proceedings in the La Salle County court resulted in four rulings by the circuit judge which the plaintiff alleges were reversible error. First, it is urged that a question and answer from the deposition were used to impeach the plaintiff's testimony at trial when the question itself was confusing and misleading. In reviewing the transcript of proceedings, it is apparent that no timely objection based upon the grounds argued in plaintiff's appellate brief was argued to the trial court. At the trial below, in his attempted impeachment of the plaintiff, the defendant's attorney read eight questions and eight corresponding answers from the plaintiff's pretrial deposition. Among the eight questions read was the question objected to now as confusing and misleading. The plaintiff's attorney interposed the following objection:

"I object. Are you going to read the whole deposition."

The objection presented in the court below provided the trial judge no

opportunity to rule on the issue of whether the colloquy in the deposition was confusing and misleading. Where the grounds of objection to admission of testimony have not been included in the objection entered in the trial court, we will not consider such grounds on appeal. (*Svenson v. Miller Builders, Inc.* (1979), 74 Ill. App. 3d 75, 392 N.E.2d 628; *Tripp v. Bureau Service Co.* (1978), 62 Ill. App. 3d 998, 379 N.E.2d 324; *Continental Illinois National Bank & Trust Co. v. Eastern Illinois Water Co.* (1975), 31 Ill. App. 3d 148, 334 N.E.2d 96.) Accordingly, we conclude that plaintiff's objection was not preserved for appeal.

■■ ■ Additionally, the plaintiff believes his case in the court below was prejudiced when his attorney was not permitted to read additional portions of his pretrial deposition in an attempt to rehabilitate his testimony. The Supreme Court Rules provide that:

"If only a part of a deposition is read or used at the trial by a party, any other party may at that time read or use or require him to read any other part of the deposition which ought in fairness to be considered in connection with the part read or used." (87 Ill. 2d R. 212(c).)

The privilege provided by Rule 212 to require additional portions of a deposition to be read is not unconditional, but rather is conditioned on the rule of fairness. The fairness standard of Rule 212 reflects the purposes of the rule, that is to prevent distortion which might occur when a party introduces isolated statements from a deposition into evidence. Before a party can force another to read additional portions of a deposition into evidence, the trial court must first conclude that the additional statements are necessary to either explain or modify statements originally introduced by the other party. (*Dombrowski v. Laschinski* (1978), 67 Ill. App. 3d 506, 385 N.E.2d 35; *Morse v. Hardinger* (1976), 34 Ill. App. 3d 1020, 341 N.E.2d 172.) To require the reading of the entire deposition, or portions of the deposition which do not explain or modify statements originally introduced, is improper. (*Wise v. St. Mary's Hospital* (1978), 64 Ill. App. 3d 587, 381 N.E.2d 809.) We believe no error occurred in the instant case, as the portions of the deposition which plaintiff's attorney sought to read in an attempt to rehabilitate his client's testimony neither explained nor modified the impeachment testimony and therefore did not meet the fairness test required by the Supreme Court Rule.

■ The plaintiff's pretrial deposition again became an issue in the proceedings before the circuit court when the plaintiff's attorney was prohibited from reading portions of that deposition during closing argument. A lengthy discussion occurred at the bench concerning the

portions of the deposition which were sought to be read, and as pointed out in the defendant's appellate brief, there was considerable confusion as to which portions of the deposition were in issue. A review of the transcript of the side bar discussion leaves us only to guess which portions of the deposition were sought to be the subject of the closing argument. Since it is impossible to tell what portions of the deposition were in issue, and since no offer of proof was made which would assist this court, we have no alternative but to conclude that this alleged error has not been properly preserved for review. (*Hamming v. Murphy* (1980), 83 Ill. App. 3d 1130, 404 N.E.2d 1026; *Motion Picture Appeal Board v. S. K. Films* (1978), 65 Ill. App. 3d 217, 382 N.E.2d 103; *Simon v. Plotkin* (1977), 50 Ill. App. 3d 603, 365 N.E.2d 1022.) This is especially the rule where, as here, ambiguity surrounding the trial court's ruling results in uncertainty as to the portions of the deposition which were excluded from use by plaintiff's attorney in closing argument. *Pioneer Hi-Bred Corn Co. v. Northern Illinois Gas Co.* (1975), 61 Ill. 2d 6, 329 N.E.2d 228.

 █ Finally, the plaintiff's pretrial deposition became a point of contention in the circuit court when the defendant's attorney was permitted to read portions of the deposition during closing argument, portions which had not previously been part of the trial record. We agree that a statement of counsel regarding facts not in evidence is improper and may be prejudicial. (*Gabosch v. Tullman* (1974), 21 Ill. App. 3d 908, 316 N.E.2d 226.) On the other hand, where comments on facts *dehors* the record are essentially cumulative of evidence properly before the jury, any error which occurs is not prejudicial, and therefore harmless. (*Lawson v. Belt Ry. Co.* (1975), 34 Ill. App. 3d 7, 339 N.E.2d 381; *Ervin v. Neil* (1980), 81 Ill. App. 3d 5, 400 N.E.2d 667.) Since the statements from plaintiff's pretrial deposition which the defendant's counsel read set forth facts to which plaintiff had directly testified during the course of the trial, we believe the error which occurred in reading those matters not in evidence was in fact harmless.

 The plaintiff has, in his brief, raised a question as to the propriety of the circuit court giving defendant's instructions Nos. 6 and 8 and the court's instruction No. 1. The only reference to these instructions in plaintiff's post-trial motion is found in paragraph 39, which reads as follows:

> "39. The Court erred in overruling plaintiff's objections to defendant's instructions Nos. 6, 7 & 8, and others and giving court's instruction No. 1 on the issues."

The Civil Practice Act provides that:

"The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, ***." (Ill. Rev. Stat. 1981, ch. 110, par. 68.1(2).)

Our Supreme Court Rules further provide that:

"A party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not specified in the motion." (87 Ill. 2d R. 366(b)(2)(iii).)

In interpreting the Civil Practice Act and Supreme Court Rules, it has been determined that summarily listing jury instructions in the post-trial motion does not set forth with specificity sufficient to preserve the matter for review any alleged error in those instructions. (*Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 415 N.E.2d 337; *Turney v. Ford Motor Co.* (1981), 94 Ill. App. 3d 678, 418 N.E.2d 1079; *Powers v. Illinois Central Gulf R.R. Co.* (1981), 92 Ill. App. 3d 1033, 416 N.E.2d 1161.) In the instant case, the pertinent paragraph of the post-trial motion is virtually identical to the post-trial motion in *Brown, Turney* and *Powers.* In each of those cases, it was determined that the lack of specificity in the post-trial motion waived for appellate review any alleged error in the jury instructions. Inasmuch as the facts before us are indistinguishable, we hold the same rule of law to apply.

■■■ The plaintiff asserts that certain hearsay statements allegedly uttered by his wife, Emerson Byrd and Carlton Mann were improperly admitted into evidence. Again, it would appear that no error occurred. Before the plaintiff left the Fourth of July picnic, he had a conversation with Emerson Byrd and his wife. At trial, Mr. Byrd was questioned about that conversation. In response to questioning, Mr. Byrd described the conversation:

"I said he was drunk, you know, you're drunk. And I don't want you to drive. And he kept persisting about it. And he told his wife to ride with him. And I says, you know, I don't think its a good idea. And she said, No, you're drunk."

At this point plaintiff's attorney interposed an objection, asserting that Mr. Byrd's testimony concerning statements made by the plaintiff's wife were hearsay. The court sustained that objection, and defendant's counsel cautioned the witness about testifying as to remarks made by other persons who were parties to the conversation. Later, Carlton Mann was called to the witness stand. Mr. Mann recalled a conversation that he had with the plaintiff just prior to the plaintiff's leaving the picnic:

"I stated the fact that he was—I think he was unable to drive his motorcycle on home that evening. And then--."

Again, an objection was interposed by plaintiff's counsel. The objection was overruled. The plaintiff urges on appeal that the out-of-court declaration of Mrs. Pyse, Mr. Byrd and Mr. Mann all constituted inadmissible hearsay. We agree that the out-of-court declarations of Mrs. Pyse as testified to by Mr. Byrd were hearsay statements. However, the court sustained the plaintiff's objection to this testimony. The court ordered the remark stricken and ordered the jury to disregard it. We believe this was sufficient to cure any error which occurred.

■■■ The out-of-court declarations of Mr. Byrd and Mr. Mann were not, we believe, properly classified as hearsay. The real basis for the exclusion of hearsay evidence generally lies in the fact that a declarant, if he is absent from court and not available as a witness, is not subject to the testing process of cross-examination to reveal weaknesses in his perception, memory and integrity. Where the declarant is present in court, testifies as to his declaration, and is subject to cross-examination with regard to that declaration, the basis for excluding hearsay is removed, and the declaration itself does not satisfy the definition of hearsay. (2 Gard, Illinois Evidence Manual Rule 12:02 (2d ed. 1979); McCormick, Evidence sec. 245, at 583 (2d ed. 1972); Cleary, Handbook of Illinois Evidence sec. 13.1 (1956).) Where, as here, the declarant himself testified as to prior out-of-court declarations, and was therefore present and subject to cross-examination, no hearsay objection is appropriate.

■■■ After this case had been given to the La Salle County jury for its decision, and after but a short time of deliberation, the jury delivered the following message to the bailiff:

"Were blood tests taken of Mr. Pyse at the hospital? Is that information available to us?"

It is the plaintiff's contention that this message from the jury indicates that the deliberations of the jury were tainted by their fixation on the issue of intoxication. The plaintiff concedes that the court responded properly to the jury's inquiry, but nevertheless he believes that the inquiry itself demonstrated an undue emphasis on the question of his intoxication at the time of the collision on July 4, 1979. Our review of the transcript of proceedings persuades us that the jury's consideration of the intoxication issue was not a fixation on a spurious issue, but rather was a conscientious attempt to focus on a crucial point of dispute. The plaintiff's ability to remember, his ability to focus despite the glare of oncoming headlights, his ability to react in light of impending danger, and his ability to judge relative speeds and distances could all have been impaired in a state of intoxication. Thus, evidence of intoxication was crucial to the fact-finding process.

The jury here is to be commended, rather than faulted, for identifying one of the decisive issues for their consideration. For that reason, we cannot agree with the characterization of the jury's concern as a prejudicial fixation.

For the reasons we have set forth above, and in reliance on the authorities cited, we conclude that the judgment of the circuit court of La Salle County should be affirmed.

Affirmed.

STOUDER, P.J., and ALLOY, J., concur.