ANNALIESE K. SLOAN, Plaintiff-Appellant, v. LISA O'DELL, Defendant-Appellee.

Second District   No. 2—86—0858

Opinion filed August 10, 1987.

Craig J. Chval, of Smith & Munson, Ltd., of Wheaton (Lester E. Munson, Jr., of counsel), for appellant.

D. Kendall Griffith and Peter G. Panno, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (H. Anne McKee, of counsel), for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Annaliese K. Sloan, appeals from the judgment entered upon the verdict of a jury in favor of defendant, Lisa O'Dell, in an action brought for the recovery of damages sustained in a collision

between automobiles driven by the parties. Plaintiff contends: (1) that the trial court erroneously denied plaintiff's motion for a directed verdict as to liability; (2) that the verdict was contrary to the manifest weight of the evidence; (3) that the court erred in its instructions to the jury and its ruling on prejudicial argument to the jury made by defendant. We affirm.

On February 9, 1984, plaintiff and defendant were involved in an automobile collision at or near the intersection of Smith and Munger Roads in unincorporated Du Page County. Plaintiff's theory of the case is that defendant's vehicle crossed the center line and struck plaintiff's vehicle head-on approximately 200 feet east of the intersection. Defendant argues that the collision occurred near the intersection when plaintiff failed to yield the right-of-way to the defendant when plaintiff entered Smith Road and turned left in front of defendant's vehicle.

At trial, plaintiff testified that she was southbound on Munger Road and stopped at the stop sign at the intersection of Munger and Smith, a "T" intersection. Plaintiff stated that as there were bushes on the northeast corner, she had to inch her vehicle forward into the intersection in order to get a better view of Smith Road before making a left turn. Once plaintiff completed her turn and was eastbound on Smith Road, she noticed an automobile traveling toward her westbound in the middle of the road. She veered to the right to avoid the oncoming vehicle, which struck her automobile on the driver's side and pushed it backwards into the intersection, where it ran over the stop sign and came to rest. Plaintiff testified that the collision occurred just before the speed limit sign on Smith Road, approximately 200 to 300 feet from the intersection. She did not know the speed of the other vehicle or its distance when she first saw it.

Plaintiff's son, Michael Webb, testified that he was a passenger in the automobile driven by the defendant. Webb was defendant's boyfriend at the time of the collision, and on that day, had an argument with her at plaintiff's house. They left in defendant's automobile, taking Wiant Road to Smith Road, where, as Webb testified, defendant turned onto Smith Road and "floored it," accelerating to around 95 miles per hour. He testified that at the time of impact with plaintiff's automobile, defendant was driving in the center of the road and was going 80 to 85 miles per hour. Plaintiff's vehicle was in her own lane of travel, and the collision took place near the speed limit sign on Smith Road. The impact pushed plaintiff's vehicle backwards approximately 200 feet, while defendant's vehicle proceeded into the intersection, where both vehicles came to rest.

Paulette Olson, plaintiff's neighbor, witnessed the collision from approximately one-fourth of a mile away as she was proceeding west on Smith Road. Before the impact, defendant's automobile was traveling between the westbound lane and the center of the road. Olson did not see the collision, but she saw plaintiff's vehicle slide backwards through the intersection. Olson also stated that bushes growing at the intersection obstructed visibility from Munger Road as well as Smith Road.

Defendant testified that she was traveling over 30 miles per hour along Smith Road, but not over 40. She stated that she was in the westbound lane at all times and did not change her lane. She first saw plaintiff's vehicle seconds before the impact and, as she was momentarily rendered unconscious, she did not remember the collision or getting out of her vehicle afterwards. She testified that the impact occurred just before the intersection; however, she did not remember the relative positions of plaintiff's vehicle and her own. A police officer spoke to the defendant at the hospital, but she did not recall saying anything to him.

The emergency room physician testified that when he examined defendant at the hospital, she denied having lost consciousness in the collision.

Du Page County sheriff's deputy Larry Weiss testified that he arrived at the scene of the collision after the ambulance had departed and that he took a statement from Michael Webb. Weiss did not have any independent recollection whether there was debris at the scene, and his testimony identifying debris shown in a photograph of the scene was stricken by the court. Officer Weiss went on to testify that he remained at the scene until the vehicles were removed and the debris was cleared away. At the hospital, he spoke with the defendant, who related that she had been westbound on Smith Road when the plaintiff pulled out from Munger Road in front of her.

William Spellman, a newspaper photographer, took photographs of the scene which were received into evidence and which depict the subject intersection and the two vehicles at the location where they came to rest. Plaintiff's vehicle is positioned at the northwest corner of the intersection, facing southwest, while defendant's vehicle is positioned in the middle of the intersection, facing southeast. Spellman testified that the photographs show debris at the intersection; however, he could not state whether it was debris from this accident. Other photographs received into evidence show damage to the driver's side of each vehicle.

At the close of all the evidence, and on motion by the plaintiff,

the trial court initially directed a verdict in favor of the plaintiff on the issue of liability. On the following day, the trial court vacated its ruling and submitted the entire case to the jury, which returned a verdict in favor of the defendant.

■ Plaintiff contends first that the trial court erred in denying her motion for a directed verdict as to liability at the close of all the evidence. Verdicts ought to be directed only when all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) Plaintiff argues that a verdict should have been directed in her favor because there was no evidence supporting defendant's version of the collision.

■ It is apparent, however, that there was conflicting evidence as to the point of impact, the lanes of travel, and the exercise of due care by each driver. Contrary to plaintiff's argument, there was evidence supporting defendant's version of the manner in which the collision occurred, including the defendant's own testimony and the photographic evidence, albeit contrary to other evidence supporting the plaintiff's version. It is improper to direct a verdict when substantial factual disputes presented by the evidence require the assessment of witness credibility or the election between conflicting evidence, which fall within the jury's function. (*Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 491, 422 N.E.2d 925; *Robertson v. General Tire & Rubber Co.* (1984), 123 Ill. App. 3d 11, 14, 462 N.E.2d 706.) The *Pedrick* rule must be applied with deference to the jury's primary role as trier of fact (*Haas v. Tomaszek* (1978), 56 Ill. App. 3d 656, 659, 371 N.E.2d 1240), and, applying this standard to the present case, we cannot conclude that a verdict in favor of the defendant could not stand and thus find that the trial court correctly denied plaintiff's motion for a directed verdict.

■ ■ Plaintiff next contends that the jury's verdict was against the manifest weight of the evidence and that a new trial should be granted. Generally, a court of review will not set aside a jury's verdict unless it is against the manifest weight of the evidence. (*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 423, 412 N.E.2d 447; *Ford v. City of Chicago* (1985), 132 Ill. App. 3d 408, 412, 476 N.E.2d 1232.) A verdict is against the manifest weight of the evidence where it is palpably erroneous and wholly unwarranted (*Frankenthal v. Grand Trunk Western R.R. Co.* (1983), 120 Ill. App. 3d 409, 415, 458 N.E.2d 530), or appears to be arbitrary, unreasonable, and not based upon the evidence. (*Gabrenas v. R. D. Werner Co.* (1983), 116 Ill.

App. 3d 276, 285, 451 N.E.2d 1307.) In considering whether the verdict is against the manifest weight of the evidence, a reviewing court must consider the evidence in the light most favorable to the appellee. *Ford v. City of Chicago* (1985), 132 Ill. App. 3d 408, 412, 476 N.E.2d 1232.

■ There was sufficient evidence presented for the jury to return a verdict in favor of the defendant. Defendant testified that the collision occurred just before the intersection, and had told the police officer that plaintiff pulled out of the intersection in front of her. She stated that she was not going over 40 miles per hour and that she remained in the westbound lane at all times. The photographs in evidence, which show debris in the intersection and the extent of damage to the parties' vehicles, tend also to support defendant's version of the occurrence. Although plaintiff's witnesses related a different version of the occurrence, it was the function of the jury to weigh their credibility. In the presence of sufficient evidence supporting the verdict, it cannot be said to be so palpably erroneous, arbitrary or unreasonable so as to require a new trial.

■ Next, plaintiff contends that remarks by defendant's counsel during closing argument deprived her of a fair trial. The complained-of remarks consisted of counsel's plea that the jury look at the photographs in evidence and determine for themselves whether there was debris at the intersection. In sustaining an objection by plaintiff's counsel, the trial court stated that "there was no testimony of debris at the intersection," and instructed defendant's counsel to clarify the matter, whereupon counsel continued to argue, without objection, as follows: "You may also, in fact, recall the police officer had no independent recollection of debris, and there was no direct testimony, or testimony, that there was debris at the intersection." Plaintiff now contends that the argument was improper and a mistrial should have been granted.

We believe that the remarks by counsel were within the bounds of proper argument. Although in closing argument a statement of counsel regarding facts not in evidence is improper and may be prejudicial (*Pyse v. Byrd* (1983), 115 Ill. App. 3d 1003, 1008, 450 N.E.2d 1374, *appeal denied* (1983), 96 Ill. 2d 550; *Khatib v. McDonald* (1980), 87 Ill. App. 3d 1087, 1097, 410 N.E.2d 266, *appeal denied* (1980), 81 Ill. 2d 602), counsel is allowed broad latitude in drawing reasonable inferences and conclusions from the evidence (*Tonarelli v. Gibbons* (1984), 121 Ill. App. 3d 1042, 1049, 460 N.E.2d 464, *appeal denied* (1984), 101 Ill. 2d 551; *Saputo v. Fatla* (1975), 25 Ill. App. 3d 775, 788, 324 N.E.2d 34, *appeal denied* (1975), 58 Ill. 2d 599). Here,

the photographs received into evidence depict what the news photographer testified was debris in the intersection. Moreover, the police officer testified, without objection, that he remained at the scene of the collision until the vehicles were towed and "the debris" cleared away. Contrary to the trial court's finding, the existence of debris at the intersection was in evidence and counsel's argument urging the jury to draw its own inferences was not improper.

■ Plaintiff also contends that the trial court erred in instructing the jury. First, plaintiff argues that the court erred in refusing to give plaintiff's tendered instruction No. 29, which included a finding that defendant was negligent, in giving defendant's instruction No. 25, which was a verdict form providing for a finding in favor of the defendant, and instruction No. 22, which informed the jury that it need not consider damages if it found for the defendant. Our conclusion that the trial court properly denied plaintiff's motion for a directed verdict renders moot the plaintiff's arguments directed to these instructions.

■ Plaintiff also argues that the trial court should have given the jury an instruction which she tendered relating to the offense of reckless driving. The refusal to give an instruction on issues covered by other instructions is not error. (*Svenson v. Miller Builders, Inc.* (1979), 74 Ill. App. 3d 75, 88, 392 N.E.2d 628; *Gaenzele v. B. E. Wallace Products Corp.* (1976), 39 Ill. App. 3d 93, 98, 350 N.E.2d 571.) The jury was properly instructed as to the existence of Illinois traffic laws governing speed, passing on the right, and driving on the right half of the roadway. Since a finding of reckless driving on defendant's part would have first required a determination that defendant violated more than one of these other traffic violations (*People v. Ziegler* (1979), 78 Ill. App. 3d 490, 496, 396 N.E.2d 1160, *appeal denied* (1980), 79 Ill. 2d 629), an instruction on reckless driving was not required.

■ Plaintiff further argues that there was no evidence to support giving defendant's instructions on the statutory requirement of yielding at a stop sign and on contributory negligence. The record discloses that no instruction on contributory negligence was given. The only reference to contributory negligence appears in an Illinois Pattern Jury Instructions (IPI) instruction which mentions contributory negligence while defining comparative negligence, the standard under which this case was tried. These instructions were properly given as we have already concluded that there was evidence to support defendant's account of the collision, which has plaintiff pulling out from Munger Road in front of the defendant.

Accordingly, the judgment of the circuit court entered upon the jury's verdict in favor of the defendant is affirmed.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.