GENERAL A. UNDERWOOD, Plaintiff-Appellant, v. CHARLES R. BAKER *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—1600

Opinion filed March 16, 1988.

Michael R. Panter & Associates (Ken Klinczak, of counsel), of Chicago, for appellant.

Bresler, Brenner & Moltzen (Edward Moltzen, of counsel), of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff General A. Underwood sought to recover damages sustained in a rear-end collision. Plaintiff appeals from trial court orders granting defendant U-Haul's pretrial motion to dismiss it as a party, and directing the jury to enter a verdict in favor of defendant Charles R. Baker at the close of plaintiff's evidence.

On January 5, 1987, the trial court dismissed U-Haul as a party and gave it seven days to file an affidavit in support of the motion to dismiss.

On January 6, 1987, at trial, plaintiff testified that on March 10, 1981, he was driving northbound in his taxi when he stopped in the curb lane at 6925 South State Street in Chicago. A truck then "came along and knocked me up on the sidewalk." Plaintiff looked up and saw it was a U-Haul truck. He saw "the truck fixing to leave," so he exited the cab and walked over to the truck, which was stopped with traffic in the other lane of the northbound traffic. Plaintiff told the driver of the U-Haul truck that he had just struck plaintiff's cab. "I ran up there and I told him that he just hit me, and he said, 'Hit you?' " Plaintiff then asked a passerby to call the police.

Following plaintiff's testimony on January 6, 1987, the court directed a verdict in favor of Baker and against plaintiff, and entered judgment on the verdict. On April 15, 1987, the court denied plaintiff's post-trial motion to vacate the January 5 and January 6 orders.

■ Plaintiff first contends that the trial court erred in directing a verdict in favor of Baker. A verdict may not be directed unless all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) This rule must be applied with great deference to the jury's primary and unique role permitting it to draw reasonable inferences from the evidence. (*Haas v. Tomaszek* (1978), 56 Ill. App. 3d 656, 371 N.E.2d 1240.) Questions of negligence, due care and proximate cause are ordinarily questions of fact

for a jury to decide. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.) The fact that Baker did not appear at trial and offered no evidence does not require the trial court to find that any evidence put forth by plaintiff established the manifest weight against which a contrary verdict could not stand. *Haas v. Tomaszek* (1978), 56 Ill. App. 3d 656, 371 N.E.2d 1240.

Our question on review, therefore, is limited to whether the testimony presented at trial and the admissions in Baker's answer established sufficient evidence which would permit the case to go to the jury.

Plaintiff's pleadings allege that on March 10, 1981, his vehicle was struck by a U-Haul truck driven by Baker. Both vehicles were in the northbound lanes of State Street near 70th Street.

Baker did not appear at trial, failed to appear for a deposition, and did not answer interrogatories, but his answer to the complaint contained several key admissions. It states:

> "He admits that at said time and place he operated a certain truck at or near the intersection of 70th and State in the City of Chicago ***."

The answer states further that the vehicle which Baker drove was a U-Haul truck. Thus, Baker admitted driving a U-Haul in the same location on the same day and in the same place that the collision allegedly occurred. These admissions clearly place him at the scene of the collision.

The complaint alleges that as a result of defendants' negligence, plaintiff suffered permanent injuries. The answer denies those allegations, "specifically denying that the plaintiff *** was an occupant of any vehicle involved in a collision at or about the time, place and date alleged." To deny plaintiff's presence in any vehicle involved in a collision at that time and place necessarily requires knowledge of some circumstances surrounding the alleged collision. The result of these admissions is that all the evidence, when viewed in a light most favorable to plaintiff, does not so overwhelmingly favor Baker such that a contrary verdict could never stand.

In *Glenn v. Mosley* (1976), 39 Ill. App. 3d 172, 350 N.E.2d 219, plaintiff appealed from a directed verdict for defendant. Plaintiff testified his automobile was struck from the rear while he was stopped in traffic. The trial court ruled at the close of plaintiff's case that plaintiff failed to produce any evidence of negligence and no evidence identifying defendant as the driver of the other car.

This court reversed the directed verdict on the basis that the admissions in the answer were sufficient to raise an inference that

defendant drove the vehicle that collided with plaintiff's car and were sufficient to withstand a motion for a directed verdict. Defendant admitted in her answer that she was operating her car in an easterly direction at the relevant time and at the place where plaintiff was injured. "Her answer also asserted that [plaintiff] was an occupant rather than a passenger in the car in which she was riding, and that [defendant] was exercising due care at the time of the accident, but that [plaintiff] was not." The court concluded that these "admissions and assertions placed [defendant] at the scene of the collision and indicate that she had some knowledge about [plaintiff] and the circumstances surrounding her injury." The court also noted that defendant's answer made no "clear-cut, direct denial that her car collided with that of the plaintiff." All that it really did was to deny that she was guilty of the particular acts of negligence which the plaintiff charged resulted in the collision and her injuries. (*Glenn v. Mosley* (1976), 39 Ill. App. 3d 172, 350 N.E.2d 219.) The *Glenn* court found that whether defendant did or did not strike plaintiff's car was a factual, rather than a legal, question and one that should have been submitted to the jury to decide.

Similarly, whether Baker's U-Haul truck did or did not strike plaintiff's taxi is a factual, not a legal, question and one that the trial court should have permitted the jury to decide. The court erred in taking this question from the jury, and therefore we reverse and remand for a new trial.

■ Plaintiff also contends that the trial court erred in dismissing U-Haul from the suit on the basis that it could not be liable for Baker's negligence because Baker was not its agent. The trial court granted the motion to dismiss and gave U-Haul leave to file a supporting affidavit within seven days. The affidavit was filed more than three months after this order. The affidavit is signed by Robert Sharp, an agent of U-Haul. It alleges that Baker was not an employee, but fails to allege that Baker was not an agent of U-Haul. Moreover, the complaint alleges negligence by U-Haul in the maintenance of the vehicle. The trial court erred in dismissing U-Haul as a party defendant to this action.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing U-Haul as a party, and directing a verdict in favor of Baker, is reversed and the cause is remanded for a new trial.

Reversed and remanded.

WHITE, P.J., and RIZZI, J., concur.